# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| JUDITH C. REDELSPERGER,<br>    Plaintiff, | )<br>) CIVIL ACTION<br>) CASE NO.: CIV-22-1-F |
| vs. | )<br>) JURY DEMAND |
| LOVE, BEAL & NIXON, P.C., and<br>    LVNV FUNDING, LLC, Defendants. | )<br>)<br>)<br>) |

## COMPLAINT

NOW INTO COURT, through undersigned counsel, comes Judith C. Redelsperger, a resident of the State of Oklahoma, Plaintiff herein, who represents as follows:

### I. INTRODUCTION

1. This is a civil action for actual, statutory and punitive damages brought by Plaintiff Judith C. Redelsperger ("Ms. Redelsperger"), an individual consumer, against Defendants, Love, Beal & Nixon, P.C., and LVNV Funding, LLC, for violations of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692, *et. seq.*, which dictates what venue a debt collector may use when suing a consumer, and for violations of Oklahoma state tort law for malicious use of civil process.

### II. JURISDICTION AND VENUE

2. Jurisdiction of this Court arises under 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1337. Venue in this District is proper in that the Defendants herein regularly transact business in this judicial district and the conduct complained of here, and Plaintiff resides here.

### III. PARTIES

3. Ms. Redelsperger is a natural person residing in and domiciled in the County of Harmon and State of Oklahoma.

1

4. Ms. Redelsperger is a "consumer" as that term is defined by 15 U.S.C § 1692a(3), as she is a natural person allegedly obligated to pay a debt asserted by Defendants.

5. Made defendant herein is Love, Beal & Nixon, P.C., a for-profit professional corporation that consists of attorneys licensed to practice law in Oklahoma, registered with the Oklahoma Secretary of State since November 26, 1980, under filing number 2200358964, and is engaged in the business of collecting debt in this state. Defendant Love, Beal & Nixon, P.C., may be served through its registered agent for service of process, William L. Nixon, Jr., 6621 N. Meridian Ave., Oklahoma City, Oklahoma 73116. The principal purpose of Defendant Love, Beal & Nixon, P.C.'s business is the collection of debts in this state and Defendant Love, Beal & Nixon, P.C., regularly attempts to collect debts alleged to be due to another.

6. Defendant Love, Beal & Nixon, P.C., is regularly engaged in attempting to and collecting debts alleged to be due to another from consumers using the mail and telephone and is a "debt collector" as defined by 15 U.S.C § 1692a(6).

7. Also made Defendant here is LVNV Funding, LLC, a for-profit limited liability company organized in Delaware registered with the Oklahoma Secretary of State since May 5, 2015, under filing number 3712449777, and is engaged in the business of collecting debt in this state. Defendant LVNV Funding, LLC, may be served through its registered agent for service of process, Corporation Service Company, 10300 Greenbriar Place, Oklahoma City, Oklahoma 73159. The principal purpose of LVNV Funding, LLC's business is the collection of debts and Defendant LVNV Funding, LLC, regularly attempts to collect debts alleged to be due to another.

8. Defendant LVNV Funding, LLC, is regularly engaged in attempting to and collecting debts alleged to be due to another from consumers using the mail and telephone and is a "debt collector" as defined by 15 U.S.C § 1692a(6).

## IV.  FACTS

9.  On December 11, 2020, Defendant Love, Beal & Nixon, P.C., filed a petition for indebtedness (No. CS-20-177) on behalf of Defendant LVNV Funding, LLC, against Ms. Redelsperger in the District Court of Jackson County, Oklahoma, based on an allegedly defaulted credit account with Citibank, N.A., account number XXXXXXXXXXXX1829.

10.  On January 9, 2021, Ms. Redelsperger was served with the first petition for indebtedness (No. CS-20-177) via domiciliary service of process at her residence in Harmon County, Oklahoma.

11.  Ms. Redelsperger, as a *pro se* defendant, subsequently filed a Motion to Dismiss Action for Improper Venue in the District Court of Jackson County, Oklahoma.  The Motion included an attached Affidavit from Ms. Redelsperger which attested to the fact that Ms. Redelsperger did not currently reside in and had never resided in Jackson County, Oklahoma.  The Affidavit further indicated the contract underlying the alleged defaulted credit account was not signed by Ms. Redelsperger in Jackson County, Oklahoma.

12.  On March 1, 2021, Defendants voluntarily dismissed action No. CS-20-177 without prejudice.

13.  On October 18, 2020, Defendant Love, Beal & Nixon, P.C., filed a second petition for indebtedness (No. CS-21-154) on behalf of Defendant LVNV Funding, LLC, against Ms. Redelsperger in the District Court of Jackson County, Oklahoma, based on the same allegedly defaulted credit account sued upon in the first petition for indebtedness (Citibank, N.A., account number XXXXXXXXXXXX1829 ).

14.  On October 23, 2021, Ms. Redelsperger was served with Defendants' second petition for indebtedness (No. CS-21-154) via personal service of process at her residence in Harmon County, Oklahoma.

15. Subsequently, Ms. Redelsperger, as a *pro se* defendant, filed a second Motion to Dismiss Action for Improper Venue in the District Court of Jackson County, Oklahoma. The second Motion also included an attached Affidavit from Ms. Redelsperger which attested to the fact that Ms. Redelsperger does not currently reside in and has never resided in Jackson County, Oklahoma. The Affidavit further indicated the contract underlying the alleged defaulted credit account was not signed by Ms. Redelsperger in Jackson County, Oklahoma.

16. On December 6, 2021, Defendants voluntarily dismissed action No. CS-21-154 without prejudice.

17. Ms. Redelsperger has been the object of collection activity arising from consumer debt in the form of the two subject petitions for indebtedness filed against her by Defendants.

18. The debt allegedly incurred by Ms. Redelsperger and sought to be collected by defendants is a "debt" as that term is defined by 15 U.S.C § 1692a(5), as it allegedly arose out of a transaction entered primarily for personal, family, or household purposes; specifically, a credit card debt allegedly originally owed by Ms. Redelsperger to Citibank, N.A.

10. Ms. Redelsperger does not currently reside in and has never resided in Jackson County, Oklahoma.

11. The contract underlying the alleged defaulted credit account in the two petitions for indebtedness was not signed by Ms. Redelsperger in Jackson County, Oklahoma. The contract underlying the alleged defaulted credit account in the two petitions for indebtedness was signed by Ms. Redelsperger in Harmon County, Oklahoma.

13. Ms. Redelsperger has suffered actual damages as a result of Defendants' illegal actions, specifically: costs incurred in traveling to and from to the District Court of Jackson County, Oklahoma, and for costs and resources expended in her *pro se* defenses against Defendant's petitions for indebtedness filed in the improper venue. Furthermore, Ms.

Redelsperger's actual damages consist of lost time; embarrassment and humiliation; aggravation and frustration; and emotional distress.

14. Defendant Love, Beal & Nixon, P.C., is not a first-party debt collector in this matter.

15. Defendant, LVNV Funding, LLC, is not a first-party debt collector in this matter.

### V.  COUNT ONE: VIOLATION OF 15 U.S.C. § 1692i OF THE FDCPA

14. Ms. Redelsperger repeats, re-alleges and incorporates the above-listed allegations.

15. Defendant. Love, Beal & Nixon, P.C., engaged in an action prohibited by 15 U.S.C. § 1692i(a)(2)(B) because the October 18, 2021, petition for indebtedness (No. CS-21-154) was not brought in the judicial district or similar legal entity in which Ms. Redelsperger resided as of the commencement of the action, which is Harmon County, Oklahoma.

17. Defendant, LVNV Funding, LLC, engaged in an action prohibited by 15 U.S.C. § 1692i(a)(2)(B) because the October 18, 2021, petition for indebtedness (No. CS-21-154) was not brought in the judicial district or similar legal entity in which Ms. Redelsperger resided as of the commencement of the action, which is Harmon County, Oklahoma.

18. Defendants had knowledge their first petition for indebtedness (No. CS-20-177) was filed in violation of the FDCPA when Defendants' process server traveled into Harmon County, Oklahoma, to serve Ms. Redelsperger at her residence in Harmon County, Oklahoma.

19. Defendants had knowledge their second petition for indebtedness (No. CS-21-154) would be filed in violation of the FDCPA no later than the date of the dismissal of their first petition for indebtedness (No. CS-20-177) for improper venue.

20. Defendants had knowledge their second petition for indebtedness (No. CS-21-154) was filed in violation of the FDCPA when Defendants' process server again traveled into Harmon County, Oklahoma, to serve Ms. Redelsperger at her residence in Harmon County, Oklahoma.

20. Ms. Redelsperger has suffered a concrete and particularized injury-in-fact, to-wit: she had to travel to Jackson County, Oklahoma, on multiple occasions to defend against civil actions filed in the wrong venue, suffering the time and expense of doing so. Ms. Redelsperger's injury-in-fact is fairly traceable to the challenged conduct of Defendants, to wit: Defendants' repeated commencement of debt collection activities against her in the wrong judicial district, Jackson County, Oklahoma, despite Defendants' knowledge that Jackson County, Oklahoma, was an improper venue under the FDCPA. Ms. Redelsperger's injury-in-fact is likely to be addressed by a favorable court ruling in that grants her requested relief.

17. As a result of the above-listed alleged FDCPA violations, Defendants are liable to Ms. Redelsperger for actual damages, statutory damages, attorney's fees and costs.

### VI.  COUNT TWO: MALICIOUS USE OF CIVIL PROCESS

18. Ms. Redelsperger repeats, re-alleges and incorporates the above-listed allegations.

19. Under 12 OK Stat § 12-1653(B), "[t]he venue of the action shall be established by existing statutes; provided, however, where the action involves an individual defendant, the venue shall be in the county of the defendant's residence or where the defendant may be served with summons."

20. Defendants' filing of the above-discussed petitions for indebtedness and their subsequent service of process upon Ms. Redelsperger in a county other than her residence or other than where she may be properly served with summons constituted malicious use of civil process, as Defendants employed these processes in a manner not contemplated by law.

21. An award of punitive damages is appropriate to deter future similar misconduct by Defendants.

## VII.  REQUEST FOR RELIEF

WHEREFORE, Plaintiff Judith C. Redelsperger respectfully requests entry of judgment against Defendant Love, Beal & Nixon, P.C., for the following:

A.  actual damages in an amount to be determined according to proof at trial;

B.  additional damages as the court may allow up to $1,000 U.S. for violation of the FDCPA;

C.  costs of this action and reasonable attorney's fees determined by the Court pursuant to 15 U.S.C. § 1692k(a)(3);

D.  punitive damages on the malicious use of civil process claim; and

E.  for such other and further relief as the court finds equitable, just and proper.

Plaintiff Judith C. Redelsperger further respectfully requests entry of judgment against Defendant LVNV Funding, LLC, for the following:

A.  actual damages in an amount to be determined according to proof at trial;

B.  additional damages as the court may allow up to $1,000 U.S. for violation of the FDCPA;

C.  costs of this action and reasonable attorney's fees determined by the Court pursuant to 15 U.S.C. § 1692k(a)(3);

D.  punitive damages on the malicious use of civil process claim; and

E.  for such other and further relief as the court finds equitable, just and proper.

## VIII.  JURY TRIAL DEMANDED

Plaintiff respectfully demands a trial by jury as to all matters permitted by law.  U.S. Const. amend. 7; Fed.R.Civ.P. 38.

|  |  | RESPECTFULLY SUBMITTED, |
|---|---|---|
|  |  | */s/ Chad C. Carter* |
| Dated: | January 2, 2022 | CHAD C. CARTER |
|  |  | Louisiana Bar Roll No. 29790 |
|  |  | Texas Bar Roll No. 24001848 |
|  |  | PARKER ALEXANDER, LLC |
|  |  | 2503 Ferrand Street |
|  |  | Monroe, LA  71201 |
|  |  | TEL (318) 322-7373 |
|  |  | FAX (318) 322-1461 |
|  |  | Chad@ParkerAlexander.com |
|  |  | ATTORNEY FOR PLAINTIFF |